IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 OCT 16 P 4: 52

CLERK_____
SO. DIST. OF GA.

| | |
|---|---|
| SHAWN F. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 312-040 |
| | ) |
| Warden JASON D. MEDLIN, et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 13). The majority of Plaintiff's objections are a reiteration of the arguments raised in his complaint; however, two points merits further discussion.

The Magistrate Judge found, *inter alia*, that Plaintiff had failed to state a claim for deliberate indifference to his serious medical needs based on his allegations that Defendants Saunders and Allen failed to provide him with adequate medical treatment. (Doc. no. 11, pp. 6-8.) Specifically, Plaintiff alleged that Defendant Allen, the medical staff member who examined Plaintiff following his initial grievance, failed to order "[a] lab or x-rays to be taken," despite telling Plaintiff that she would do so; that, after ordering a lab and x-rays, Defendant Saunders, the medical staff member who examined Plaintiff following his second grievance, failed to follow up with Plaintiff's results; that an "emergency lab" should have

been taken long before it actually was; and that he "should have been placed in medical for observation." (Doc. no. 1, pp. 5-6.) As the Magistrate Judge correctly determined, those allegations evinced a mere difference in opinion between Plaintiff and the prison medical staff regarding diagnosis or treatment, which is insufficient to support a claim of deliberate indifference to serious medical needs. (Doc. no. 11, pp. 5-8 (citing Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010) (*per curiam*); Adams v. Poag, 61 F.3d 1537, 1546 (11th Cir. 1995); Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991); Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989)).) Additionally, the Court found that Plaintiff's allegations were too vague and conclusory to support his Eighth Amendment claim, and that any allegations based on Defendants' negligence did not amount to claims of deliberate indifference. (Doc. no. 11, pp. 7-8 (citing Taylor v. Singletary, 148 F.3d 1276, 1285 (11th Cir. 1998); Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010); Estelle v. Gamble, 429 U.S. 97, 106 (1976).)

A considerable portion of Plaintiff's objections is devoted to arguing that, partially based on recent diagnoses that he has certain lung and nerve diseases, his condition during the period of time relevant to his complaint constituted a "serious medical need" for purposes of the analysis for deliberate indifference. (Doc. no. 13, pp. 1-3.) However, the Court's analysis and recommendation that Plaintiff's claim be dismissed was not based on the severity, or lack thereof, of his medical need; in fact, the Court specifically took into consideration that Plaintiff's condition might be serious. (See doc. no. 11, p. 7 ("[E]ven assuming that Plaintiff's condition constitutes an objectively serious medical need, Plaintiff's allegations are insufficient with regard to any of these Defendants being deliberately indifferent to that need.")) Rather,

as evidenced by the above quote from the Court's R&R, the Court found that Plaintiff's claims concerning his medical treatment should be dismissed because Defendants Allen and Saunders did not act with deliberate indifference. (Id.) As noted in the R&R, Plaintiff was sent to the medical unit for examination and treatment by Defendants Allen and Saunders following both of his grievances concerning his condition. (Id. at 6.) Plaintiff does not offer any new information in his objections to show that either Defendant Allen or Saunders acted with deliberate indifference in conducting those examinations or in providing the subsequent treatment.

To the extent that Plaintiff now argues that his condition and symptoms were so "obvious" that Defendants Allen and Saunders were negligent in their failure to accurately diagnose him, the Court reiterates that allegations of negligence do not amount to a claim of deliberate indifference. (Id. at 8 (citing Harris, 941 F.2d at 1505).) Moreover, as noted above, both Defendants provided Plaintiff with treatment, and, as Plaintiff concedes in his objections, Defendant Saunders ordered blood work, x-rays, and urine analysis in her effort to identify and treat Plaintiff's condition. (Doc. no. 13, p. 2.)

As to Plaintiff's objections concerning his claims against Defendant Wright – the prison program coordinator whom Plaintiff alleges acted with deliberate indifference to his medical needs and also "verbally sexually abused" him by making a crude comment as he walked away from Plaintiff's cell – the Court first notes that Plaintiff's allegation that Defendant Wright acted with deliberate indifference to his medical needs fails for the same reasons as provided in the R&R: Plaintiff did not and does not allege that Defendant Wright was aware of any serious medical condition to which he could have then acted with deliberate

3

indifference, given that Plaintiff simply told Defendant Wright that he was suffering from "unknown conditions." (Doc. no. 11, p. 9.) To the extent that Plaintiff claims that Defendant Wright acted with deliberate indifference because Plaintiff was under "physician's orders" to visit "medical [satellite] for refills on [ibuprofen] as needed" (Doc. no. 13, p. 3), Plaintiff has not alleged in his complaint or his objections that Defendant Wright was aware of those orders or, moreover, that a general need for a minor pain reliever would put Defendant Wright on notice of a serious medical issue.

Finally, with regard to Plaintiff's objections concerning his allegation that Defendant Wright committed verbal sexual abuse against him in violation of the Prison Rape Elimination Act ("PREA"), the Court again notes that the PREA does not confer a private right of action upon Plaintiff, nor does it contain any "mandatory language" that Plaintiff's claim must be investigated or ruled in his favor, as Plaintiff appears to argue. (Doc. no. 11, pp. 12-13 (citing Jones v. Schofield, 2010 U.S. Dist. LEXIS 20064, at *7 (M.D. Ga. Mar. 4, 2010)).) In response to Plaintiff's claim that the Court applied the incorrect standard to his sexual abuse claim (doc. no. 13, p. 4) – and for the sake of clarity – the Court notes that Plaintiff's claim concerning verbal sexual abuse was intentionally and correctly analyzed as an Eighth Amendment claim, given that the Eighth Amendment allows for claims concerning sexual abuse against prisoners (see id. at 9 (citing Boxer X v. Harris, 437 F.3d 1107, 1111 (11th Cir. 2006)), whereas the PREA is generally concerned with gathering information and statistics concerning incidences of prison rape and adopting standards to combat the same (see id. at 11-12 (citing 42 U.S.C. §§ 15601-15609)).

As noted above, the remainder of Plaintiff's objections constitute reiterations of the

arguments in his original complaint, and need not be addressed further.

Accordingly, Plaintiff's objections are **OVERRULED**, and the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's complaint is **DISMISSED** for failure to state a claim upon which relief can be granted, any state law claims are **DISMISSED** without prejudice, and this civil action is **CLOSED**.

SO ORDERED this 16 day of October, 2012, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE